IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID FIELDS, and PASSION GREER, | |
| Plaintiff, | Case No. 25-cv-01805-SPM |
| v. | |
| ST. CLAIR COUNTY ILLINOIS, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This case was initiated by Plaintiffs David Fields and Passion Greer on September 19, 2025. (Doc. 1). Upon filing, Plaintiffs did not pay the filing fee; nor did they submit motions to proceed without prepayment of the filing fee (IFP). Only Plaintiff Fields had signed the Complaint. On the same day that Plaintiffs commenced this lawsuit, a second lawsuit was filed by Plaintiffs in this district, Case No. 25-cv-01806-SMY. Except for the exhibits, the complaints in both cases appear to be identical.

  Because Plaintiffs missed the deadline to pay the filing fee or file motions to for leave to proceed IFP in this case, on November 4, 2025, the Court entered a Notice of Impending Dismissal. (Doc. 6). The Court ordered Plaintiffs by November 25, 2025, to advise the Court in writing whether they intended to pursue this action. If they decided to litigate this case, then by November 25, 2025, Plaintiffs were to pay the $405.00 filing fee or each file a motion for leave to proceed IFP, and Plaintiff Greer was to file a signed complaint. Plaintiffs were advised that any document filed on behalf of multiple plaintiffs must be signed by each plaintiff and that any documents filed that do not comply with this requirement would be stricken. *See* FED. R. CIV. P. 11. Plaintiffs were

Page 1 of 3

warned that failure to comply with the Notice of Impending Dismissal could result in dismissal of this case for failing to comply with an order of the court. *See* FED. R. CIV. P. 41(b).

Plaintiffs did not follow the Court's instructions. On November 6, 2025, the Court received the full filing fee of $405.00 for this case. But then on November 14, 2025, Plaintiff Greer filed a motion asking for this case to be dismissed. (Doc. 8). Three days later, on November 17, 2025, the Court received a document from Plaintiff Fields title "Response to Order," in which he asks that this case be combined with Case No. 25-cv-1806-SMY. (Doc. 9). He states, "Plaintiff Greer has consented to this action, and authorizes Fields to say so."

As Plaintiffs were advised, any document filed on behalf of multiple plaintiffs must be signed by each plaintiff. As a non-attorney, Plaintiff Fields cannot sign papers for Plaintiff Greer and Plaintiff Greer cannot sign papers for Plaintiff Fields. Plaintiff Greer is the only plaintiff to have signed the Motion to Dismiss and Plaintiff Fields is the only plaintiff to have signed the Response to Order. Not only are these two documents in direct contradiction with one another, but they do not comply with Federal Rule of Civil Procedure 11. The Clerk of Court is therefore **DIRECTED** to **STRIKE** the Motion to Dismiss and the Response to Order. (Doc. 8, 9).

The Court also **DISMISSES** Plaintiff Greer from this case without prejudice, as she has failed to file a signed complaint by the deadline set by the Court. (*See* Doc. 6, p. 2). It appears that Plaintiff Greer will still be able to litigate her claims in Case No. 25-cv-1806-SMY, where she has signed the Complaint and submitted a motion for leave to proceed IFP.

Plaintiff Fields has paid the filing fee and signed the Complaint, and therefore, he can continue to litigate his claims in this case. Plaintiff Fields is **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. §1915A. When this review is completed, a copy of the Court's screening order will be forwarded to Plaintiff.

The Court notes that while Plaintiffs may have wished to proceed together, Plaintiffs'

claims are more appropriately litigated in two separate cases. As Plaintiffs have already experienced, there are consequences and difficulties of proceeding jointly in a single lawsuit. One of the main difficulties is that plaintiffs, who are not represented, may not sign or file motions or pleadings on behalf of each other. Therefore, as mentioned, each Plaintiff must sign every filing affecting his or her claims. Meeting this requirement has been and would continue to be extremely difficult, if not impossible, for Plaintiffs, given that Plaintiff Fields is incarcerated, and Plaintiff Greer is not. The Complaint has not even been reviewed pursuant to Section 1915A, and Defendants have not been served, yet Plaintiffs are already unable to coordinate their litigation and obtain signatures before filing documents. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." FED. R. CIV. P. 1.

**IT IS SO ORDERED.**

**DATED:   November 26, 2025**

   *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**